IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDY WAYNE HURLEY, 453088, )<br>         Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>         Respondent. ) | No. 3:08-CV-967-P<br>ECF |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is Nathaniel Quarterman, Director of the TDCJ-CID.

### B. Procedural History

Petitioner filed this petition challenging a 1977 sexual assault conviction ("1977 conviction"). He has fully served the 1977 conviction. Petitioner is currently incarcerated on an aggravated robbery conviction ("current conviction"). *State of Texas v. Freddy Wayne Hurley*, No. F87-77502-Q (204th Dist. Ct., Dallas County, Tex., May 19, 1987). He states the 1977 conviction was used to enhance his current conviction.

Petitioner states that in 2006 he filed a state habeas petition seeking DNA testing regarding the 1977 conviction. He argues the state unlawfully, and in bad faith, destroyed the

DNA evidence.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court may *sua sponte* raise the jurisdictional issue at any time. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this case, Petitioner concedes that he has fully served his 1977 sentence. Having fully served his sentence, petitioner is no longer "in custody" such that he can challenge that conviction under 28 U.S.C. § 2254. Consequently, this Court lacks jurisdiction over the instant habeas petition.[1]

In some cases, a court may construe a petitioner's challenge to an expired conviction as a challenge to the conviction for which he is still incarcerated. In *Maleng*, a petitioner purported

---

[1] Because § 2241(c)(3) also contains a custody requirement for jurisdiction, the Court would likewise lack jurisdiction under that section.

to challenge an expired 1958 conviction that had been used to enhance his 1978 conviction. *See* 490 U.S. 488, 489-90 (1989). Despite the petitioner's express contention that he was challenging the 1958 conviction, the Supreme Court found the "in custody" requirement satisfied because it could reasonably construe the action as a challenge to the 1978 conviction as enhanced by the 1958 conviction. *See id.* at 493-94.

In this case, the Court cannot reasonably construe the instant action as a challenge to petitioner's current conviction because Petitioner has previously challenged his current conviction. *See Hurley v. Johnson*, No. 3:99-CV-1351-P (N.D. Tex.). The Fifth Circuit has not granted Petitioner authorization to file a successive habeas petition. The Court therefore lacks jurisdiction to construe the instant petition challenging petitioner's 1977 conviction as a challenge to his current sentence. *Cf. Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (per curiam) (holding that "the district court lacked jurisdiction to construe [a § 2241] petition as a § 2255 motion because [the petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion"). The Court thus declines to construe the instant action as a challenge to Petitioner's current conviction.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

SIGNED this 3rd day of September, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).